UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:03-cr-0017-02 LJM/KPF |
| | ) | |
| DAVID NEAL SMITH, JR., | ) | |
| | ) | |
| Defendant. | ) | |


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on August 21, 2012, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on August 6, 2012, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on September 10, 2012, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] The government appeared by Barry Glickman, Assistant United States Attorney; the defendant appeared in person with his appointed counsel, Mike Donahoe, Office of the Indiana Federal Community Defender; and Jason Phillips, U.S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1.   That Mike Donahoe, Office of the  Indiana Federal Community Defender, appointed counsel,  was present to represent Mr. Smith in regard to the Petition for Revocation of Supervised Release.

2.   A copy of the Petition for Revocation of Supervised Release was provided to Mr. Smith and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3.   Mr. Smith  was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4.   That Mr. Smith would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.   That Mr. Smith had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6.   That if the preliminary hearing resulted in a finding of probable cause that Mr. Smith had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on August 21, 2012.

7.  Mr. Donahoe stated that David Neal Smith, Jr. would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.   Mr. Smith waived, in writing, the preliminary examination and he was held to answer.

8. Mr. Smith, by counsel, stipulated that he committed specifications of violations numbered 1, 2 and 3 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."**<br><br>As previously reported to the Court, the offender failed to appear for random urine testing on May 9, and June 2, 2012. |
| 2 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**<br><br>As previously reported to the Court, during an employment visit on July 2, 2012, it was determined the offender had not reported to work for the last 30 days.  He informed his employer he had been in an automobile accident and was unable to work.  Afer speaking with Mr. Smith, he admitted he had been having difficulty after a breakup with a girlfriend, and lied to his employer to avoid reporting for work.  Mr. Smith never informed the probation officer he was no longer working.<br><br>On June 4, 2012, the offender established a residence at 2161 S. Madison Avenue in Indianapolis.  To date, he has failed to notify the probation officer of the change in residence. |
| 3 | **"The defendant shall not leave the judicial district without the permission of the court or probation officer."** |

- 3 -

As previously reported to the Court, the offender admitted he had taken a trip on June 22, 2012, to visit a woman in Phoenix, Arizona, without the probation officer's permission.

The Court placed Mr. Smith under oath and directly inquired of him whether he admitted specifications of violations of his supervised release set forth above.  Mr. Smith stated that he admitted the above violations as set forth.   The government moved to dismiss specifications numbered 4 and 5 contained in the Petition to revoke defendant's supervised release, and the Court dismissed same.  The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1)      Mr. Smith has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

2)       The most serious grade of  violation committed by Mr. Smith constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3)      Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Smith is 5-11 months.

4)      The appropriate disposition of the case would be 24 months  in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court having heard the admissions of the defendant, stipulations of the parties, and the arguments and discussions of behalf of each party, **NOW FINDS** that Mr. Smith violated the conditions of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Smith's  supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 24 months.  It is recommended by the undersigned Magistrate Judge that defendant be designated to the Farm Camp at the Federal

Correctional Complex in Terre Haute, Indiana.   Upon release from confinement, Mr. Smith  will not be subject to supervised release.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare

for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Smith  stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Smith entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Smith's supervised release and imposing a sentence of imprisonment of 24 months in the custody of the Attorney General.  Upon Mr. Smith's release from confinement, he will not be subject to a term of supervised release.

IT IS SO RECOMMENDED this 10th day of September, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Barry Glickman,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal